# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **JOHN M. DONEY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *vs.* | ) No. 99-01124-HFS |
| | ) |
| **CMI CORPORATION**, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

### Count I: Defective Product

Comes now Plaintiff John M. Doney, by and through his counsel, and for his Count I claim against Defendants CMI, Inc., MPD, Inc., and Kustom Signals, Inc., alleges:

1. This case was originally filed in the Circuit Court of Jackson County, Missouri, and was removed to this Court by Defendant Kustom Signals, Inc., based on diversity jurisdiction under 28 U.S.C. §1332.

2. This First Amended Complaint is being filed with the written consent of Kustom Signals, Inc., the sole Defendant in this case as of the filing of this pleading.

3. Plaintiff John M. Doney is a citizen and resident of the State of Missouri.

4. Defendant CMI, Inc. ("CMI"), is a corporation organized under the laws of a State other than the State of Missouri, with its principal place of business the State of Kentucky, and therefore it is a citizen of a State other than the State of Missouri.

5. Defendant MPD, Inc. ("MPD"), is a corporation organized under the laws of a State other than the State of Missouri, with its principal place of business in the State of Kentucky, and therefore it is a citizen of a State other than the State of Missouri.

6. Defendant Kustom Signals, Inc. ("Kustom"), is a corporation organized under the laws of a State other than the State of Missouri, with its principal place of business in a State other than the State of Missouri, and therefore it is a citizen of a State other than the State of Missouri.

7. This Court has jurisdiction under 28 U.S.C. §1332 because Mr. Doney is a citizen of the State of Missouri, and both CMI and Kustom are corporations organized under the laws of a State other than the State of Missouri, and having principal places of business in the State of Kentucky, and because the value of this case, exclusive of interest and costs, exceeds $75,000.

8. At a time presently unknown to Mr. Doney, but believed to be in 1988, MPD merged with, acquired, or otherwise came into ownership and control of CMI, and thereby acquired all assets and liabilities of CMI. Hereinafter, all

references to "CMI" include both CMI and MPD.

9. CMI designed, manufactured, and/or distributed radar guns for use by law enforcement officers; specifically, the "Speed Gun Six" and "Speed Gun Eight" radar units. Mr. Doney routinely used CMI's "Speed Gun Six" radar gun from March of 1984 through August of 1984 while he was employed by the Grain Valley, Missouri, Police Department. Mr. Doney routinely used CMI's "Speed Gun Eight" radar gun from October of 1986 through 1994 while he was employed with the Lone Jack, Missouri Police Department.

10. Kustom designed, manufactured and/or distributed radar guns for use by law enforcement officers; specifically, "K-15" and "Hawk" radar units. Mr. Doney routinely used Kustom's "K-15" radar unit from October of 1986 through 1991 when the Lone Jack Police Department traded the "K-15" units for "Hawk" units.

11. At all times relevant to this litigation, CMI and Kustom were manufacturers engaged in the business of designing, manufacturing, and/or distributing radar guns for use by law enforcement officers.

12. Prior to March of 1984 and continuing through the present, CMI and Kustom designed, manufactured, sold, and placed into the stream of commerce radar guns in the course of their respective businesses.

13. CMI and Kustom designed, manufactured and/or distributed the

radar guns in a defective condition unreasonably dangerous to those operating the radar guns, such as Mr. Doney. The radar guns were expected to be operated and were operated by Mr. Doney without substantial change in the condition in which they were sold.

14. The radar guns were in a defective condition which was unreasonably dangerous to those operating the radar guns, such as Mr. Doney, at the time they left Defendants' hands.

15. The radar guns were in a defective condition which was unreasonably dangerous to those operating the radar guns when used in a reasonably anticipated manner and in the way they are ordinarily used.

16. From March, 1984 through April, 1996 Mr. Doney was operating radar guns manufactured by Defendants in a manner reasonably anticipated and ordinarily used.

17. The radar guns at the time they were being operated by Mr. Doney were in substantially the same condition as when they were designed, manufactured, sold and/or distributed by Defendants.

18. The radar guns were then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use, in that they could and would cause testicular cancer to those operating the radar guns.

19. Mr. Doney was diagnosed with testicular cancer in September, 1994.

20. As a direct and proximate result of the Defendants' actions and the defective and unreasonably dangerous condition of the radar guns, Mr. Doney suffered testicular carcinoma and as a result, had his right testicle removed, has suffered and will in the future suffer great pain of body and mind, and has incurred and in the future will incur expenses for medical attention and treatment.

**WHEREFORE**, Plaintiff John Doney prays for judgment against Defendants CMI, Inc., MPD, Inc., and Kustom Signals, Inc., jointly and severally, in the amount of $750,000; for the costs he incurs in this litigation, and for such other or further relief as the Court deems just and proper under the circumstances.

### Count II:  (Defective Product -- Failure to Warn)

Comes now Plaintiff John M. Doney, by and through his counsel, and for his Count II claim against Defendants CMI, Inc., MPD, Inc., and Kustom Signals, Inc., alleges:

1. Mr. Doney incorporates by reference the allegations of Paragraphs 1 through 17, and 19 of Count I.

2. In the course of Defendants' business, Defendants manufactured, designed, sold, and placed into the stream of commerce the above-identified radar guns with no instructions and/or with inadequate warnings or warning devices.

3. The radar guns were unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics.

4. The radar guns were in a defective condition unreasonably dangerous to operators of the radar guns, such as Mr. Doney, when they were used in a manner reasonably anticipated by Defendants and ordinarily used.

5. The radar guns left the hands of Defendants in such defective condition, unreasonably dangerous to Mr. Doney.

6. Mr. Doney operated these radar guns in a manner reasonably anticipated by Defendants and ordinarily used.

7. As a direct and proximate result of Defendants' actions and omissions in placing the radar guns into the stream of commerce with no instructions and/or with inadequate warnings or warning devices, Mr. Doney suffered the damages described in Paragraph 20 of Count I.

**WHEREFORE**, Plaintiff John Doney prays for judgment against Defendants CMI, Inc., MPD, Inc., and Kustom Signals, Inc., jointly and severally, in the amount of $750,000; for the costs he incurs in this litigation, and for such other or further relief as the Court deems just and proper under the circumstances.

### Count III  (Negligence)

Comes now Plaintiff John M. Doney, by and through his counsel, and for his Count III claim against Defendants CMI, Inc., MPD, Inc., and Kustom Signals, Inc., alleges:

1. Mr. Doney incorporates by reference the allegations of Paragraphs 1

through 12, 16 and 19 of Count I.

2.      Between March of 1984 and April of 1996 Plaintiff operated radar guns designed, manufactured and/or distributed by the Defendants in a manner reasonably anticipated and ordinarily used.

3.      Plaintiff did not know and by using ordinary care could not have known of the dangers attendant on operating the radar guns while using them in manner reasonably anticipated and ordinarily used.

4.      Defendants knew or by the exercise or ordinary care should have known of the potential danger of injury to those operating the radar guns while being operated in a manner reasonably anticipated and ordinarily used by persons such as Mr. Doney.

5.      Defendants had a duty to use ordinary care in the design and/or manufacture of the radar guns so that each would be reasonably safe for those operating the radar guns in a manner reasonably anticipated and ordinarily used by persons such as Mr. Doney.

6.      Defendants had a duty to give adequate warnings to operators of the radar guns by both supplying warnings with each radar gun and by actually placing warnings or warning devices on each radar gun of the potential dangers to operators of the radar guns in a manner reasonably anticipated, and warnings of injury to operators which could reasonably be anticipated from operating the radar

guns in a manner reasonably anticipated and ordinarily used, such as Mr. Doney.

7. Defendants had a duty to sell, distribute or otherwise place in the stream of commerce radar guns with adequate warnings to operators such as Mr. Doney.

9. Defendants had a duty to properly equip the radar guns so that each would be reasonably safe for operators such as Plaintiff.

10. Defendants were negligent in the following respects:

a. In the design and/or manufacture of the radar guns so that they exposed users to cancer-causing microwave exposure;

b. Failing to warn of the dangers of operating the radar guns in a manner reasonably anticipated and ordinarily used;

c. Selling, distributing or otherwise placing in the stream of commerce radar guns, with inadequate warnings for operators of said radar guns;

d. Failing to recall the aforementioned radar guns they knew or should have known of the potential danger that the machines caused testicular cancer;

e. Failing to recall the aforementioned radar guns when they knew or should have known that the radar guns did not have adequate warnings or warning devices, warning operators such as Plaintiff of

the dangers of operating said radar guns in a manner reasonably anticipated and ordinarily used.

11. As a direct and proximate result of Defendants' negligence, Mr. Doney suffered the damages described in Paragraph 20 of Count I..

**WHEREFORE**, Plaintiff John Doney prays for judgment against Defendants CMI, Inc., MPD, Inc., and Kustom Signals, Inc., jointly and severally, in the amount of $750,000; for the costs he incurs in this litigation, and for such other or further relief as the Court deems just and proper under the circumstances.

**WILLIAM H. PICKETT, P.C.**

By: /s/ David T. Greis .
William H. Pickett (MO #21324)
David T. Greis (MO #23112)
600 Griffith Building
405 East Thirteenth Street
Kansas City, Missouri 64106

Telephone: 816-221-4343
Fax: 816-221-8258

Attorneys for Plaintiff

## JURY DEMAND

Comes now Plaintiff and demands a jury trial on all issues.

>**WILLIAM H. PICKETT, P.C.**
>
>By: /s/ David T. Greis                .
>William H. Pickett (MO #21324)
>David T. Greis (MO #23112)
>600 Griffith Building
>405 East Thirteenth Street
>Kansas City, Missouri 64106
>
>Telephone: 816-221-4343
>Fax: 816-221-8258
>
>Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

A copy of the above and foregoing was mailed, postage prepaid, this 31st day of January, 2001, to:

| DEFENDANT | DEFENSE ATTORNEY |
|---|---|
| Kustom Signals, Inc. | Mark M. Iba, Esq.<br>John Aisenbrey, Esq.<br>Stinson, Mag & Fizzell, P.C.<br>1201 Walnut Street, Suite 2600<br>Kansas City, Missouri 64141<br><br>Mark Oium, Esq.<br>O'Connor, Cohn, Dillon & Barr<br>101 Howard Street, Fifth Floor<br>San Francisco, California 94105-1619 |

                        /s/ David T. Greis         .